The opinion of the Court was delivered by
OoiiCOCK, J.
Upon looking into the record in this case, it appears to be an action of debt on two bonds, and that the plea was non est factum, or non sunt facta. The defendant, therefore, could not give evidence of any matter which did not go to the destruction of the bond. In a case lately determined at Columbia, Joseph Bollinger v. John Thurston, (2 Mill’s Const. Rep. 447,) it was determined that in all such cases the defendant must plead specially, or in some other way give notice to the plaintiff of his intended defence, that he may not be surprised. Upon the issue of non est factum, the plaintiff comes prepared only to show that the bond was made by defendant. But in that case a new trial was granted, on the ground, that a practice had crept into our Courts of going into such defence without any further notice ; and the same indulgence will be granted in this case, because it is presumed that the decision has not been made known.[1] The law is clear that where the deed is voidable only, as by reason of infancy, the obligee cannot plead non est factum, for it is his deed at the time of the action brought, and must be avoided by special pleading. (5 Rep. 119; Selwyn’s N. P. 562, 563; Vrooman v. Phelps, 2 John’s Rep. 178.) Here it cannot be contended that the deed was void. It is true the defendants speak of fraud, but it is apparent that there can be no fraud in the case. There may have been a misrepresentation, which, though not intentional, may entitle the defendant to a discount.[2]
On the second and third grounds, it is only necessary to observe, that where the pleadings are correct, such defences are daily admitted by our Courts. It *may have been originally a departure from the strict rules of a Court of law; but from the time of the case of Gray v. Exors. of Handkinson, (1 Bay, 276,) it has never been disputed. A deficiency in quantity, or defect in quality, where there has been a representation, are legitimate grounds for a deduction of price, or recision of the contract, as the case maybe. In all such cases it is obvious that the matter alluded to must contradict the deed; but the case, on the part of the defendant, is to be considered as an action of a breach of covenant. Without intending to say anything as to the effect which may be produced by the testimony which the defendant wished to introduce, I observe, that it was not in contradiction to the deed; for the deed states, *49 that the tract conveyed contains two hundred and ninety-four acres of land, besides a body of marsh, which must evidently mean high land.
Mo Gall and Hayne, for the motion. Parker, contra.
The motion for a new trial is granted.
Nott and Cheves, JJ., concurred.
Johnson, J., dissented.

 Ante, 34.

 2 Hill, 657.